IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
: No. 1:16-cr-00082-YK
v. :
: (Judge Kane)
WILLIAM CHANDLER AUGUSTA, et al., :
    Defendants :

## MEMORANDUM

Presently before the Court are motions to dismiss the Superseding Indictment filed by Defendants Scott Lane (Doc. Nos. 576, 577), Dylan Heatherly (Doc. Nos. 585, 586), and William Staples (Doc. Nos. 594, 595). For the reasons provided herein, the Court will deny Defendants' motions.[1]

I.    BACKGROUND

On May 11, 2016, a federal grand jury returned an 18-count Superseding Indictment charging 15 Defendants, including Defendants Scott Lane, Bruce Edgecombe, Dylan Heatherly, and William Staples, with production and non-production child pornography offenses under 18 U.S.C. §§ 2251 and 2252. (Doc. No. 143.) Defendants Edgecombe and Lane are charged with aiding and abetting the production of child pornography in violation of 18 U.S.C. §§ 2251(a), and 2 (Count 9), and conspiracy to produce child pornography in violation of 18 U.S.C. §§ 2252(a), (e), and 2 (Count 10). All four Defendants are charged with conspiracy to receive and distribute child pornography in violation of 18 U.S.C. §§ 2252 (a)(2) and (b)(1) (Count 11), aiding and abetting the receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252 (a)(2), (b)(1), and 2 (Count 12); and conspiracy to advertise child pornography in violation

---

[1] As a point of clarification, this Memorandum and corresponding Order denies Defendant Lane's omnibus pretrial motion only with respect to the section of his motion that seeks dismissal of the Superseding Indictment.

1

of 18 U.S.C. § 2251(d) (Count 13). Defendants Lane, Staples, and Heatherly are charged with a substantive count of advertising child pornography in violation of 18 U.S.C. § 2251(d) (Counts 14, 16, and 17). (Id.)

On July 21, 2017, Defendants Lane (Doc. Nos. 576, 577), Heatherly (Doc. Nos. 585, 586), and Staples (Doc. Nos. 594, 595) filed the instant motions to dismiss Counts 9, 10, 11, 12, 13, 14, 16, and 17 of the Superseding Indictment together with supporting briefs. On August 4, 2017, the Government filed a consolidated response in opposition to Defendants' motions to dismiss. (Doc. No. 616.) Having been fully briefed, these motions are now ripe for disposition.

## II. LEGAL STANDARD

Rule 12(b) of the Federal Rules of Criminal Procedure permits a defendant to move for dismissal of an indictment at any time if, inter alia, it "lacks specificity" or "fails to state an offense." Fed. R. Crim. P. 12(b)(3)(B). The scope of the district court's review under Rule 12(b)(3)(B) is limited to ensuring that legally deficient charges do not go to a jury. United States v. Huet, 665 F.3d 588, 595 (3d Cir. 2012); United States v. Bergrin, 650 F.3d 257, 265 (3d Cir. 2011). When evaluating the sufficiency of a charging document under Rule 12(b), a district court may consider only those allegations contained on the face of the instrument itself. Id. (citing United States v. Sampson, 371 U.S. 75, 78-79 (1962); United States v. Besmajian, 910 F.2d 1153, 1154 (3d Cir. 1990)). Consideration of matters extraneous to the indictment is not permitted at this stage of the litigation. Id. "[T]he indictment must be tested by the sufficiency to charge an offense," not by whether the "charges have been established by the evidence." Sampson, 371 U.S. at 78-79. The propriety of a pretrial motion to dismiss an indictment is contingent upon whether the challenged defect involves questions of law or determinations of fact. A motion to dismiss the indictment under Rule 12(b) "may not be predicated upon the

insufficiency of the evidence to prove the indictment's charges," United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000), and "is not . . . 'a permissible vehicle for addressing the sufficiency of the government's evidence.'" United States v. Bergrin, 650 F.3d 257, 265 (3d Cir. 2011) (quoting DeLaurentis, 230 F.3d at 660-61); see Huet, 665 F.3d at 595 ("Evidentiary questions—such as credibility determinations and the weighing of proof—should not be determined at this stage."). Thus, a district court's inquiry into the sufficiency of the indictment consists of determining whether, accepting all facts as true, a jury could find that the defendant committed the offense for which he was charged. Huet, 665 F.3d at 595.

### III. DISCUSSION

Defendants Lane,[2] Heatherly, Edgecombe,[3] and Staples[4] have moved to dismiss Counts 9, 10, 11, 12, 13, 14, 16, and 17 of the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). The Court has identified two arguments from Defendants' briefing underpinning their motions to dismiss; namely, that the Superseding Indictment (1) lacks sufficient facts to fairly apprise Defendants of the charges against which they must defend and to enable Defendants to protect against subsequent prosecutions, and (2) fails to state offenses under 18 U.S.C. §§ 2251 and 2252.

Before turning to Defendants' count-specific arguments, the Court addresses the more general challenge to the sufficiency of the Superseding Indictment.

---

[2] In addition to filing a motion to dismiss, Defendant Lane joined in the briefs in support of Defendants Heatherly and Staples' motions to dismiss.

[3] Defendant Edgecombe did not separately file a motion to dismiss, but rather, joined in the motion to dismiss filed by Defendant Lane.

[4] Defendant Staples not only filed his own motion to dismiss, but also joined in the motions to dismiss and supporting briefs filed by Defendants Lane and Heatherly.

3

A.   SUFFICIENCY OF THE SUPERSEDING INDICTMENT

As previously mentioned, Defendants move for dismissal of the Superseding Indictment under Rule 12(b)(3)(B)(iii) for lack of specificity on the grounds that they are unable to discern from the face of the Superseding Indictment any factual assertions that would support their commission of the offenses alleged in each Count.[5] Federal Rule of Criminal Procedure 7(c)(1) outlines the requirements of an indictment:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c).

It is well settled that "[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." Huet, F.3d at 594-95 (emphasis and quotation omitted). A facially valid indictment preserves two core constitutional values: (1) the Sixth Amendment's guarantee that the "accused shall enjoy the right . . . to be informed of the nature and cause of the accusation;" and (2) the Fifth

---

[5] The Court has consolidated a number of arguments advanced by Defendants that it has determined amounts to an attack on the sufficiency of the pleading. For example, Defendant Staples has argued that Count 16 "is so vague, indefinite, and uncertain that Defendant cannot invoke the double jeopardy provision of the Fifth Amendment if appropriate." (Doc. No. 595 at 2.) Defendant Heatherly submits that "[i]t is unclear whether [the] alleged violations in Counts 11, 12, and 13 are based upon the alleged criminal conduct charged at Count 17, or any other transaction that allegedly occurred between April 11, 2014 and May 11, 2016," and furthermore asserts that the Superseding Indictment fails to state the method or means to carry out an alleged conspiracy. (Doc. No. 586 at 11, 16.) In addition, Defendant Lane argues that "[t]he language in Count [13] contains no specific information that would lead a fact finder to believe that Lane conspired with others to commit any offense between April 11, 2014, and May 11, 2016, and therefore, due to the lack of specificity, Count [13] should be dismissed." (Doc. No. 576 at 10.)

4

Amendment's protection against double jeopardy. Thus, to withstand a pretrial challenge to the sufficiency of an indictment, the indictment must "(1) contain[ ] the elements of the offense intended to be charged, (2) sufficiently apprise[ ] the defendant of what he must be prepared to meet, and (3) allow[ ] the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'" Id. (quoting United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007)).

With regard to the first prong, the United States Court of Appeals for the Third Circuit has repeatedly held that "'no greater specificity than the statutory language is required so long as there is sufficient factual orientation' to permit a defendant to prepare his defense and invoke double jeopardy." Huet, F.3d at 594-95 (quoting Kemp, 500 F.3d at 280); accord, United States v. Stock, 728 F.3d 287, 292 (3d Cir. 2013). "The specificity required for an indictment to have sufficient factual orientation . . . is not particularly onerous." United States v. John-Baptiste, 747 F.3d 186, 195 (3d Cir. 2014). As for the second and third prongs, the Third Circuit has recognized that an indictment's specific inclusion of the timeframe over which the charged offense occurred sufficiently enables a defendant to prepare an adequate defense strategy and to invoke a double jeopardy defense in future prosecutions. See United States v. Stock, 728 F.3d 287, 292 (3d Cir. 2013) ("[T]ypically, a factual orientation that includes a specification of the time period of the alleged offense is sufficient for the second and third requirements. . . . In short, 'detailed allegations' are unnecessary."). Thus, an indictment will satisfy Rule 7(c)(1)'s requirements "where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." Id. (citing United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (citation omitted)).

5

Here, accepting the factual allegations of the Superseding Indictment as true, the Court finds that the Superseding Indictment enumerates the essential elements constituting the charged offenses, provides citations to the statutes that the Defendants are alleged to have violated, and sets forth sufficient factual orientation to permit Defendants to prepare their defense strategies and invoke double jeopardy as a defense against any future prosecutions.

To be sure, Counts 9 and 10 allege that on July 22, 2015, in the Middle District of Pennsylvania, Defendants Edgecombe and Lane aided and abetted and conspired to "knowingly employ, use, persuade, induce, entice and coerce a minor, Victim-1, to engage in sexually explicit conduct for the purpose of transmitting a live visual depiction of such conduct," via interstate commerce. (Doc. No. 143 at 10-13.) Counts 11 and 12 charge all four Defendants with aiding and abetting and conspiracy to receive and distribute child pornography over the expanded timeframe of April 11, 2014 to May 11, 2016 in the Middle District of Pennsylvania. (Id. at 14-17.) Count 13 asserts that all four Defendants conspired to advertise child pornography between April 11, 2014 and May 11, 2016 in the Middle District of Pennsylvania, and Counts 14, 16, and 17 separately charge Defendants Lane, Staples, and Heatherly with substantive counts of advertising child pornography occurring on July 22, 2015 in the Middle District of Pennsylvania. (Id. at 18-19, 20, 22-23.) Indeed, consistent with Rule 7(c) and the Third Circuit's pleading requirements, the Superseding Indictment tracks the language of the relevant statutes, outlines the factual elements constituting the charged offenses, and identifies the date and location of the offending conduct, which, if proven, would permit convictions on the charged offenses. See Totoro, 2017 WL 3189216, at *3 (denying a motion to dismiss eight counts of an indictment charging defendant with, inter alia, production, enticement, receipt, and possession of child pornography, where the indictment provided: citations to the statutes alleged

to have been violated; the essential facts constituting the offenses charged; and the dates and locations of the alleged criminal conduct); United States v. Johnson, 856 F.2d 539, 541 (3d Cir. 1988) (finding an indictment charging defendant with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 to be facially valid, as the indictment "specified both the time frame and geographical area of the conspiracy," and outlined the elements constituting the charged conspiracy); United States v. Rawlins, 606 F.3d 73, 79 (3d Cir. 2010) (rejecting a challenge to sufficiency of an indictment charging defendants with conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846, and reasoning that despite the indictment's failure to situate the conspiratorial acts within a definitive timeframe, the indictment did "supply many other details," such as the statute defendants were charged with violating, the alleged co-conspirators, as well as the "object, manner, means, location, and end date of the alleged conspiracy"); United States v. Cheatham, 500 F. Supp. 2d 528, 531 (W.D. Pa. 2007) (noting that "location is set forth as the district of this court, a proper allegation of location [under Third Circuit jurisprudence]"). Thus, the Court will deny Defendants' motions to dismiss the Superseding Indictment under Rule 12(b)(3)(B)(iii) for lack of specificity.

B.    COUNT-SPECIFIC CHALLENGES TO THE SUPERSEDING INDICTMENT

Defendants also lodge count-specific challenges to the Superseding Indictment under Rule 12(b)(3)(B)(v) that fall within two loose categories; namely, those arguments that (1) the discovery produced by the Government does not support essential elements of the charged offenses, and that (2) the factual allegations forming the basis of the charged offenses do not constitute violations of the corresponding criminal statutes.

### 1. Sufficiency of the evidence to prove the charged offenses

As an initial matter, Defendants argue that the Government cannot establish the offenses contained in Counts 9, 10, 11, 12, and 13. To summarize, Defendants Lane and Edgecombe argue that Counts 9 and 10 of the Superseding Indictment are subject to dismissal for failure to "present any evidence of . . . materials" that have been shipped in interstate commerce as is required to establish a violation of 18 U.S.C. §§ 2251(a). All Defendants argue that the conspiracy charges, contained in Counts 10, 11, and 13, are defective because the discovery produced by the Government does not support that Defendants "'knowingly' exchanged pornography," and engaged in a "greater level of participation that mere presence in the . . . chat room."[6] (Doc. No. 586 at 17.) Defendants also contend that the Government's evidence in connection with Counts 11, 12, and 13 relate only to certain Defendants' alleged participation in a video conference chat room on July 22, 2015, where a live depiction of Co-Defendant Augusta engaging in sexual acts with a minor was unilaterally transmitted. (Doc. No. 586 at 13.) Relying on their characterization of the Government's evidence, Defendants argue that Counts 11, 12, and 13 of the Superseding Indictment fail to state offenses under 18 U.S.C. §§ 2251(d), and 2252(a)(2), (b)(1) and 2 for alleged conduct approximately occurring from April 11, 2014 to May 11, 2016, as the evidence does not support that these Defendants engaged in any criminal activity between April 11, 2014 and July 21, 2015, and between July 23, 2015 and May 11, 2016. (See Doc. No. 576 at 7 ("Other than the criminal activity out of the events of July 22,

---

[6] Defendants also appear to contest that the Government has failed to aver specific overt acts committed by one of the conspirators in furtherance of the agreement. However, "[t]he [G]overnment need not allege overt acts of this conspiracy charge in the indictment, because the statute does not require proof of an overt act to prove this conspiracy." United States v. Petersen, No. CR 13-30-M-DWM-12, 2014 WL 2807420, at *4 (D. Mont. June 20, 2014), aff'd sub nom. United States v. Grovo, 826 F.3d 1207 (9th Cir. 2016), and aff'd sub nom. United States v. Grovo, 653 F. App'x 512, 514 (9th Cir. 2016).

2015, the Government has no specific evidence that Lane was involved in the receipt and distribution of visual depictions in interstate commerce, of a minor engaging in sexual acts.").)

These arguments, however, are wholly unavailing. As described in detail above, the Superseding Indictment need not identify the facts the Government intends to adduce at trial, and while dismissal of an indictment is appropriate where the allegations do not suffice to charge an offense, such a dismissal "may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." DeLaurentis, 230 F.3d at 660. Indeed, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the [G]overnment's evidence." Id. Here, Defendants merely attempt to challenge the sufficiency of the evidence underlying the various counts. This they cannot do by way of motion to dismiss. However, Defendants are not precluded from moving under Rule 29 for a judgment of acquittal at the close of the Government's case in chief or after the close of all evidence. See Fed. R. Crim. P. 29(a) ("After the government closes its evidence or after the close of all evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."). Accordingly, the Court must deny Defendants' motion to dismiss Counts 9, 10, 11, 12, and 13 as it relates to the sufficiency of the Government's evidence to prove these charges.

### 2. Facts alleged do not support a violation of the relevant criminal statutes

Defendants also argue that dismissal of Counts 10, 11, 12, and 13 is appropriate because the relevant criminal statutes do not criminalize the alleged acts of Defendants that form the basis of the charges as a matter of statutory interpretation.

Turning first to Count 10, charging Defendants Lane and Edgecombe with conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(e), Defendants argue that 18 U.S.C.

§ 2251(e) "is a penalty provision and not a separate criminal conspiracy provision." (Doc. No. 577 at 3.) Specifically, these Defendants insist that a charge of criminal conspiracy must be brought under 18 U.S.C. § 371. In support of this proposition, Defendants point out that no provision under the United States Sentencing Guidelines ("U.S.S.G."), exists for violations of 18 U.S.C. § 2251(e), whereas the U.S.S.G. at 2(A)1.5 and 2(c)1.1, applies for convictions under 18 U.S.C. § 371. (Id.) The Government argues in response that 18 U.S.C. § 2251(e) "is not merely a penalty provision, but instead provides the necessary language that permits a defendant to be held liable for a conspiracy to violate 18 U.S.C. § 2251(a) in the same manner and degree as a person who violates a substantive count of 18 U.S.C. § 2251(a)." (Doc. No. 616 at 61-62.)

A plain reading of the statute supports the Government's position. 18 U.S.C. § 2251(e) states that "[a]ny individual who violates, or attempts or conspires to violate, [18 U.S.C. § 2251(a)] shall be fined under this title and imprisoned not less than 15 years nor more than 30 years . . . ." See United States v. Shuler, 598 F.3d 444, 445 (8th Cir. 2010) (affirming sentence on plea of guilty to production of child pornography and conspiracy to produce child pornography in violation of 18 U.S.C. §§ 2251(a) and (e), and 2); United States v. Barry, 634 F. App'x 407, 411 (5th Cir. 2015), cert. denied, 136 S. Ct. 1700 (2016) ("[18 U.S.C. §] 2251(e) criminalizes conspiracies to violate [18 U.S.C. §] 2251(a)."). Accordingly, the Court will deny Defendant Lane and Edgecombe's motion to dismiss Count 10 of the Superseding Indictment.

With regard to Counts 11, 12, and 13—charging Defendants Lane, Heatherly, Edgecombe, and Staples with: conspiracy to receive and distribute child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count 11); aiding and abetting the receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1) and 2 (Count 12); and conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d) (Count

13)—Defendants argue that 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2251(d) do not criminalize the receipt, distribution, or advertisement of a "live" visual depiction of sexual abuse of a minor. (Doc. Nos. 577 at 5; 585 at 6 (emphasis added).) Defendants intimate that dismissal of Counts 11, 12, and 13 is warranted because the factual allegations forming the basis of these charges stem from Defendants' alleged involvement in the July 22, 2015 live event, and a live depiction not stored in permanent or temporary format cannot serve as the basis of a receipt and distribution or advertisement charge.

The Court finds Defendants' interpretation of the statutory term "visual depiction," and its application to factual circumstances of this case to be untenable. Notably, the factual allegations giving rise to Counts 11, 12, and 13 are not framed solely in terms of Defendants' alleged participation in the live transmission of video feed of Co-Defendant Augusta committing acts of sexual acts with a minor on July 22, 2015. Rather, Counts 11, 12, and 13 charge Defendants with child pornography-based offenses spanning a two-year timeframe, which undoubtedly encompasses acts beyond Defendants' purported involvement in the July 22, 2015 live event. Equally significant, Defendants overlook that both 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2251(d) criminalize child pornography acts involving "<u>any</u> visual depiction" of a minor engaged in sexually explicit conduct. 18 U.S.C. § 2256(5), which is incorporated by 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2251(d), broadly defines visual depiction as "includ[ing] data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in permanent format."

Defendants have offered no authority to support their position that Congress intended to exclude "live" visual depictions from the non-exhaustive list of visual depictions criminalized by 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2251(d) . Quite the contrary, the inclusion of the

modifier "'any' before the phrase 'visual depiction,' . . . evidences Congress's intent to broadly criminalize the dissemination of any visual image of child pornography, regardless of the means by which it is generated." United States v. Nichols, 371 F. App'x 546, 548 (5th Cir. 2010) (citing Massachusetts v. EPA, 549 U.S. 497, 528–29 (2007) (noting that Congress's repeated use of the word "any" reflects an intent to embrace all types of a particular matter); Dep't of Hous. & Urban Dev. v. Rucker, 535 U.S. 125, 131 (2002) ("[T]he word 'any' has an expansive meaning, that is, one or some indiscriminately of whatever kind." (internal quotation marks and citation omitted)). To that end, "Congress did not intend for the examples of visual depictions in [18 U.S.C.] § 2256(5) to be exhaustive. The plain meaning of 'visual depiction clearly encompasses a video that could be viewed—perceived visually—by someone remotely." Nichols, 371 F. App'x at 548. Accordingly, the Court will deny Defendants' motions to dismiss Counts 11, 12, and 13 of the Superseding Indictment with respect to Defendants' statutory interpretation argument.[7]

IV.    CONCLUSION

Based upon the foregoing, the Court will deny the motions to dismiss filed by Defendants Scott Lane (Doc. No. 576), Dylan Heatherly (Doc. No. 585), and William Staples (Doc. No. 594). An appropriate Order follows.

---

[7] The Court notes that the foregoing analysis is equally applicable to Counts 14, 16, and 17, which charge Defendants Lane, Staples, and Heatherly with a substantive count of advertising child pornography in violation of 18 U.S.C. § 2251(d).